**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| AMARA COFER, and | : | CIVIL ACTION |
| JARRIS COLES | : | No.: |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| OAK STREET HEALTH, MSO, LCC, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

<u>CIVIL ACTION COMPLAINT</u>

1. Plaintiffs Amara Cofer and Jarris Coles (Plaintiffs), through their undersigned counsel and for their complaints against Oak Street Health (Defendant), hereby state the following.

<u>INTRODUCTION</u>

2. This is an action for damages, declaratory, equitable and injunctive relief against Defendant for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as a result of Defendant subjecting Plaintiffs to retaliation on account of their protected complaints.

<u>JURISDICTION AND VENUE</u>

3. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §2000e, *et seq.*, as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1866, 42 U.S.C. §2000e-5(f); and Title VII of the Civil Rights Act of 1964 ("Title VII'), as amended by the Equal

Employment Opportunity Act of 1972.

PARTIES

4. Plaintiff, Amara Cofer, at the time of the cause of action was an African American female residing in Philadelphia, Pennsylvania.

5. Plaintiff, Jarris Coles, at the time of the cause of action was an African American female residing in Philadelphia, Pennsylvania.

6. Defendant is a company which provides services to the unique healthcare needs of adult patients receiving healthcare benefits in underserviced communities where there is little to no quality healthcare.

7. Defendant maintains a principal place of business which is located at 30 West Monroe Street, Chicago, Illinois.

8. Defendant maintains a principal place of business which is located at 1200 W. Godfrey Ave, Philadelphia, PA 19141.

9. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e-(b); and employs well in excess of the threshold number of persons required to be an "employer" subject to federal civil rights and equal employment opportunity laws.

10. Plaintiffs are "employees" as that term is defined under Title VII, 42 §20003 et seq., during all material times to this action.

11. Plaintiff has complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. Section 2000e-5(f), and has exhausted all required state and federal administrative remedies, including proceeding before the United States Equal Employment Opportunity Commission, with dual-filing in the Pennsylvania Human

Relations Commission.

FACTUAL BACKGROUND

*Plaintiff Amara Cofer*

12. On October 8, 2018, Defendant hired Plaintiff Cofer as a Community Relations Manager at Defendant's Fern Rock Clinic in Philadelphia, Pennsylvania.

13. In July 2020, Plaintiff was given the position of Outreach Executive 1 after her position was eliminated after the outreach teams were furloughed from May 1, 2020- July 7, 2020. Plaintiff's salary remained the same.

14. In July 2020, Plaintiff Cofer expressed to Outreach Director Rene Rincon, Plaintiff Cofer's immediate supervisor at the time, her concern that she was receiving unfair criticism from Mr. Rincon because she was an African American female. Mr. Rincon accused Plaintiff Cofer of calling him racist.

15. On October 1, 2020, Plaintiff Cofer was promoted to Outreach Executive II. Plaintiff Cofer successfully passed her ninety-day probation and passed an exam which was offered and administered by Defendant. Plaintiff Cofer was provided with a $10,000 raise.

16. As an Outreach Executive, Plaintiff Cofer's primary duties including developing, implementing, and executing an effective sales strategy to achieve patient acquisition targets and generating leads.

17. Plaintiff Cofer was continually subjected to coachings without being provided the support, training and necessary guidance which other employees, specifically Plaintiff's Caucasian comparators, were provided. Despite this lack of support,

Plaintiff Cofer continued to perform her job to the best of her abilities.

18. Coachings issued by the Defendant are not punitive in nature.

19. Plaintiff Cofer was denied business cards and literature necessary to be successful in generating leads. Such materials were provided to Plaintiff Cofer's Caucasian comparators.

20. Plaintiff Cofer was denied participation in team events through miscommunication or no communication at all. As a result, Plaintiff Cofer was not able to benefit and increase her productivity or leads which negatively affected her monthly goals.

21. As a result of Defendant's failure to prove support and guidance to Plaintiff Cofer, Plaintiff Cofer failed to meet performance expectations, which manifested in the form of frequent coachings issued by Defendant's management.

22. In or around December 2020, Plaintiff Cofer submitted an email to Human Resources Business Manager Amanda Hyde regarding retaliation and inappropriate behavior by Mr. Rincon. Specifically, Mr. Rincon made a racist comment to Plaintiff Cofer's co-worker.

23. During the week of December 7, 2020, Plaintiff Cofer informed Ms. Hyde that Mr. Rincon's racial slur made her co-worker uncomfortable. Specifically, it was later discovered that Mr. Rincon used the term "Negra" when referring to an African American employee. Plaintiff Cofer further explained to Ms. Hyde that she felt that Mr. Rincon had a bias against her.

24. An investigation into Mr. Rincon's behavior was conducted by Defendant between the dates of December 7, 2020 and December 11, 2020. Following this investigation,

Mr. Rincon was demoted from his position as Outreach Director and transferred to a different facility.

25. On December 11, 2020, Regional Vice President Brandon Holler served Plaintiff Cofer with a Final Warning for her performance, despite the fact that, prior to a warning received in November 2020, Plaintiff Cofer had never been served or subjected to any prior disciplinary warnings.

26. Plaintiff Cofer's Final Warning was an escalation of a written warning issued by Mr. Rincon two weeks prior to his demotion. Plaintiff Cofer was not provided with an explanation for the escalation, despite requesting an explanation in writing.

27. On December 11, 2020, Plaintiff Cofer spoke with Ms. Hyde regarding the suspicious timing of the Final Warning following her participation in the investigation of Mr. Rincon. Plaintiff Cofer requested that Ms. Hyde transfer her out of Mr. Holler's region.

28. Following Mr. Rincon's demotion, it was incumbent upon Defendant to revisit and scrutinize any coachings issued by Mr. Rincon, particularly where Mr. Rincon was demoted for his race-based conduct.

29. Defendant, following Mr. Rincon's demotion, did not revisit and scrutinize any coachings issued by Mr. Rincon, particularly where Mr. Rincon was demoted for his race-based conduct.

30. Immediately following the investigation of Mr. Rincon, Mr. Holler placed Plaintiff Cofer under increased scrutiny and excluded Plaintiff Cofer from the rest of the team members.

31. After hiring a new Outreach Director, Hector Ybe, Mr. Holler did not allow Plaintiff Cofer to meet Mr. Ybe.

32. On January 14, 2020, Plaintiff Cofer was informed by Defendant that her employment was terminated due to unsatisfactory performance.

33. On January 15, 2021, Plaintiff Cofer sent an email to Mike Pykoz, Chief Executive Officer, Geoff Price, Chief Operations Officer, Julie Silverstein, Division President, and all Outreach Directors explaining the retaliation by Mr. Holler that led to Plaintiff Cofer's termination.

34. On January 16, 2021, Plaintiff Cofer sent the same email to Chief Human Resources Officer Cynthia Hiskes.

35. On January 22, 2021, Plaintiff was contacted by Defendant's Vice President of People Operations Christopher Green who informed Plaintiff Cofer that an investigation into her allegations was being conducted and concluded. Plaintiff Cofer had not received any results of the internal investigation.

36. On January 29, 2021, Plaintiff Cofer filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination and retaliation in violation of Title VII.

37. As a result of Defendant's unlawful conduct, Plaintiff Cofer was subjected to disparate treatment and retaliation.

## *Plaintiff Jarris Coles*

38. On March 19, 2019, Defendant hired Plaintiff Coles as an Outreach Associate at Defendant's Fern Rock Clinic in Philadelphia, Pennsylvania.

39. Plaintiff Coles's primary duties consisted of developing, implementing, and executing an effective sales strategy to achieve patient acquisition targets and generating leads.

40. On July 7, 2020, Plaintiff Coles was promoted to Outreach Executive I.

41. Plaintiff Coles was continually subjected to coachings without being provided the necessary support, training, and guidance which other employees were provided. Despite this lack of support, Plaintiff Coles continued to perform her job to the best of her abilities.

42. Coachings issued by the Defendant are not punitive in nature.

43. Plaintiff Coles was denied business cards and literature necessary to be successful in generating leads.

44. Plaintiff Coles was denied participation in team events through miscommunication or no communication at all. As a result, Plaintiff Coles was not able to benefit and increase her productivity or leads which negatively affected her monthly goals.

45. As a result of Defendant's failure to provide support and guidance to Plaintiff Coles, Plaintiff Coles failed to meet performance expectations, which manifested in the form of frequent coachings issued by Defendant's management.

46. On December 7, 2020, former Outreach Director Rene Rincon was investigated by Defendant following complaints identifying Mr. Rincon as having engaged in racial discrimination, specifically, uttering racial slurs against African Americans. Plaintiff Coles participated in the investigation against Mr. Rincon, supporting the claims of discrimination, disparate treatment and racism against Mr. Rincon.

47. On December 10, 2020, Defendant concluded its investigation and sustained the

claims of racism against Mr. Rincon. Mr. Rincon was demoted and transferred to a different location.

48. Following Mr. Rincon's demotion, it was incumbent upon Defendant to revisit and scrutinize any coachings issued by Mr. Rincon, particularly where Mr. Rincon was demoted for his race-based conduct.

49. Defendant, following Mr. Rincon's demotion, did not revisit and scrutinize any coachings issued by Mr. Rincon, particularly where Mr. Rincon was demoted for his race-based conduct.

50. Plaintiff Coles was excluded from group chats, meetings, and conferences with Defendant's new Outreach Director, Hector Ybe.

51. Plaintiff Coles continued to be ostracized even after notifying Defendant's management of the ongoing exclusion via email.

52. On December 11, 2020, Mr. Holler served Plaintiff Coles with a Final Warning for her performance, despite the fact that Plaintiff Coles had never been served or subjected to any prior disciplinary warnings.

53. On or about December 14, 2020, Plaintiff Coles requested a Leave of Absence due to stress, which was supported by medical documentation. Plaintiff Coles's mental health leave of absence was recommended by her primary care provider. Plaintiff Coles was on medical leave from December 14, 2020 through December 22, 2020.

54. While Plaintiff Coles was out on medical leave, she received numerous calls from Mr. Holler regarding her return to work.

55. On December 28, 2020, Defendant penalized Plaintiff Coles because she allegedly

had not met production quotas for the time period for which Plaintiff Coles was out on medical leave.

56. On January 14, 2021, Plaintiff Coles was informed by Defendant that her employment was terminated due to unsatisfactory performance.

57. On February 12, 2021, Plaintiff Coles filed a Charge of Discrimination with the EEOC alleging race discrimination and retaliation in violation of Title VII.

58. As a result of Defendant's unlawful conduct, Plaintiff Coles was subjected to disparate treatment and retaliation.

<u>COUNT I</u>
*Title VII – Retaliation*

59. The foregoing paragraphs are incorporated herein in their entirety as set forth in full.

60. As stated above, Plaintiffs participated in the investigation of Mr. Rincon, which involved allegations that Mr. Rincon engaged in racially discriminatory conduct, including racial slurs directed against African American employees. Accordingly, Plaintiffs engaged in protected activity.

61. Defendant was aware of the Plaintiffs' participation in protected activity, as it conducted the investigation against Mr. Rincon.

62. Immediately following Plaintiffs' protected activity, Defendant issued each Plaintiff a Final Written Warning based on supposed performance issues.

63. A matter of a mere four days or less elapsed between the Plaintiffs' engagement in protected activity and Defendant's subsequent issuance of Final Warnings.

64. Following the Final Warnings, Plaintiffs were subjected to a pattern of antagonism by

Defendant, including exclusion from group chats, meetings, and conferences and the denial of business cards and literature necessary for the Plaintiffs to perform their job functions successfully.

65. Defendant received complaints of racial discrimination and retaliation by the Plaintiffs and other employees but failed to take prompt remedial action.

66. Where the Defendant did take remedial action against Mr. Rincon following its investigation into his use of racial slurs, it failed to remediate the effects of Mr. Rincon's discrimination as to other employees.

67. Where Mr. Rincon supervised African American employees, it was incumbent upon the Defendant to scrutinize and reevaluate prior coachings, trainings, lack of support, prior complaints of and/or by Mr. Rincon's subordinates to determine the full extent and consequence of Mr. Rincon's racial animus.

68. As a direct and proximate result of the unlawful retaliation by Defendant on the basis of the Plaintiffs' protected activity, the Plaintiffs have been deprived of economic benefits including lost wages.

69. Due to Defendant's failure to fully remediate and/or correct the effects of the discrimination against the Plaintiffs, the Defendant has not satisfied the elements of the affirmative defense available to employers under Title VII. Therefore, Defendant is liable for the discriminatory actions of Mr. Rincon.

WHEREFORE, the Plaintiffs request the following:

    a.  For past, present, and future general damages in an amount to be determined at trial;

    b.  For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages and others, in an amount to be determined at trial;

    c.  Any appropriate punitive or exemplary damages against Defendant;

    d.  Any appropriate statutory damages;

    e.  For attorney's fees and costs of suit;

    f.  For interest as allowed by law;

    g.  For such other and future relief as the court may deem proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**ABARA LAW FIRM, PLLC.**

By:   _s/ Obinna I. Abara_____
OBINNA I. ABARA, ESQUIRE
Attorney  I.D. No.:  204964
1950 Butler Pike, #  255
Conshohocken, PA 19428
(215) 360-3260
*Attorney for Plaintiff*

Date: _____8/1/2022_____

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Aug 1, 2022
Date

*Amara Cofer*
Amara Cofer (Aug 1, 2022 14:26 EDT)

Amara Cofer, Plaintiff

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Aug 1, 2022
_____
Date

*Jarris Coles* (Aug 1, 2022 14:10 EDT)
_____

Jarris Coles, Plaintiff